# United States District Court
## EASTERN DISTRICT OF OKLAHOMA

In the matter of the search of: 3645 Club Estates Drive #12, Muskogee, Oklahoma 74403.

Case No. 24-MJ-395-DES

## APPLICATION FOR SEARCH WARRANT

I, Ashley N. Stephens, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the **EASTERN** District of **OKLAHOMA** *(identify the person or describe property to be searched and give its location)*:

**SEE ATTACHMENT "A"**

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT "B"**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of Title 18, United States Code, Section(s) 922(g)(4) and (g)(9) and Title 26, United States Code, Section(s) 5861(d) and (f), and the application is based on these facts:

☒ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
ASHLEY N. STEPHENS
SENIOR SPECIAL AGENT
BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

Sworn to :

Date: 11/26/2024



_____
*Judge's signature*
D. EDWARD SNOW
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

City and state:   Muskogee, Oklahoma

**AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT**

I, Ashley N. Stephens, being first duly sworn under oath, depose and state:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the residence located at **3645 Club Estates Drive #12, Muskogee, Oklahoma 74403**. These are located within the Eastern District of Oklahoma and further described in Attachment A, for the evidence, instrumentalities, and/or fruits of the crime that are further described in Attachment B.

2. I am a Senior Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I have been so employed since July of 2004. I am currently the Resident Agent in Charge for the ATF Tulsa I Field Office. Before joining the ATF, I was employed as a Police Officer with the Tahlequah Police Department, in Tahlequah, Oklahoma, for three years. I successfully completed the Council on Law Enforcement Education and Training Academy as required by the State of Oklahoma for peace officer certification. I also completed the Criminal Investigator Training Program required by the ATF to be an ATF criminal investigator. I also completed the Special Agent Basic Training Academy required by ATF for all special agents employed by ATF. In connection with my official duties as an ATF Special Agent, I investigate criminal violations of Federal Firearms Laws, Federal Arson Laws, Federal Explosives Laws and Federal Narcotics laws.

3. I earned a Bachelor of Science Degree in Criminal Justice from Northeastern State University and a Master's Degree of Forensic Science from Oklahoma State University.

4. During the first four (4) years of my employment with ATF, I was assigned to the North Texas High Intensity Drug Trafficking Area (HIDTA) Violent Crime Task Force where I was

responsible for investigating criminal violations of Federal Firearms Laws and the Controlled Substances Act. I was the lead case agent for an Organized Crime Drug Enforcement Task Force (OCDETF) which resulted in numerous drug and firearm seizures. I have been the affiant for numerous state and federal search warrants. I have been involved in multiple investigations over my career which have resulted in the seizure of controlled substances and firearms and the successful prosecution of individuals involved. During my career, I have taken hundreds of hours of training, including training regarding the investigation of those who are involved in the armed illicit distribution of controlled substances and training regarding individuals who commit fraudulent acts. I have trained and worked in an undercover capacity, surveillance, management of confidential informants, drug-trafficking conspiracies, money laundering, organized criminal activity investigations, the preparation and execution of firearm and drug related search warrants and debriefing of informants and witnesses.

5. I am an ATF Certified Explosives Specialist (Certification Number 12-42) and have taken hours of training regarding explosives and the investigation of explosive cases. I have attended numerous explosive courses, including Certified Explosive Specialist Basic, Advanced Explosives Disposal Techniques, Chemistry of Pyrotechnics, Homemade Explosives Identify Process and Disposal, and Naval Basic Improvised Explosive Devices.

6. I completed the Firearms Interstate Nexus Training Basic School, provided by the ATF Firearms Technology Branch in Martinsburg, West Virginia. During the training at the Firearms Interstate Nexus Training Course in Martinsburg, West Virginia, I personally examined the ATF Firearms Technology Branch's Reference Collection, which includes approximately 10,000 firearms. In the course of my duties in establishing whether firearms have travelled in or affected interstate commerce, I have consulted firearm publications and periodicals, and have accessed

official licensing files. I have also consulted with other firearms experts, all of which leads to my expertise in the movement of firearms in interstate commerce. I have testified in federal court as an expert witness regarding interstate nexus and firearms' subsequent effect on and travel in interstate commerce.

7. I am also a Certified Fire Investigator, responsible for providing technical support and analysis to assist other ATF Special Agents in fire investigations and training activities. This technical support includes fire origin and cause determinations, court preparation and presentation of evidence, technical interpretation of fire-related information, and presentation of expert witness opinions.

8. I am well versed in Federal firearms laws through my duties and responsibilities as a Special Agent with ATF. Based on my training and experience, I know that it is a violation of Title 26, United States Code ("U.S.C."), § 5861(d) for any person to receive or possess a "firearm" which is not registered to him in the National Firearms Registration and Transfer Record, and it is also a violation of 26 U.S.C. § 5861(f) to make a "firearm" in violation of the provisions of this chapter.

    a. The term "firearm" includes a destructive device for purposes of Chapter 53 of Title 25, U.S.C. *See* 26 U.S.C § 5845(a).

    b. The term "destructive device" is defined in 26 U.S.C. § 5845(f) which provides a "destructive device" is:

> (1) any explosive, incendiary, or poison gas (A) bomb, (B) grenade, (C) rocket having a propellent charge of more than four ounces, (D) missile having an explosive or incendiary charge of more than one-quarter ounce, (E) mine, or (F) similar device; … (3) any combination of parts either designed or intended for use in converting any device into a destructive device as defined in subparagraphs (1) and (2) and from which a destructive device may be readily assembled. The term "destructive device" does not include any device which is neither designed nor

3

redesigned for use as a weapon; any device, although originally designed for use as a weapon, which is redesigned for use as a signaling, pyrotechnic, line throwing, safety, or similar device; surplus ordnance sold, loaned, or given by the Secretary of the Army pursuant to the provisions of section 7684(2), 7685, or 7686 of Title 10, United States Code; or any other device which the Secretary finds is not likely to be used as a weapon, or is an antique or is a rifle which the owner intends to use solely for sporting purposes.

9. Based on my training and experience, the term "pipe bomb" or "improvised explosive bombs" usually refers colloquially to items that are generally classified as "destructive devices" and therefore required to be registered within the National Firearms and Registration Transfer Record (NFRTR).

10. I am familiar with the facts and circumstances of this investigation. The facts set forth in this affidavit are based on my personal observations, knowledge obtained from other law enforcement officers, my review of documents related to this investigation, conversations with others who have personal knowledge of the events and circumstances described herein, and a review of open-source information including information available on the Internet. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact I or others have learned during the course of this investigation.

## JURISDICTION AND VENUE

11. There is probable cause to believe Tino ROSS possessed and manufactured a destructive device within the Eastern District of Oklahoma during the operative time periods in violation of 26 U.S.C. §§ 5861(d) and (f) and furthermore possessed firearms in violation of 18 U.S.C. §§ 922(g)(4) and 922(g)(9) respectively.

12. Muskogee County, Oklahoma is within the Eastern District of Oklahoma.

## PROBABLE CAUSE

13. On November 26, 2024, White Settlement Police Department (WSPD) received a call of a suspicious male in a van parked in front of 9216 Jason Lane, White Settlement, Texas. WSPD made contact with an individual in the driver's seat of the white cargo van. The driver was identified as Tino ROSS. During the course of the stop, officers observed a firearm in ROSS' lap. ROSS was removed from the vehicle. During a further search of the vehicle, WSPD officers discovered three plastic bottles that were wrapped in grey duct tape, with hobby fuse protruding from the bottles. Fort Worth Bomb Squad responded and rendered the devices safe. The devices also contained suspected explosive powder and B-Bs. Officers also recovered firearms, including firearms described as a Smith and Wesson MP Shield, 9mm semi-automatic pistol bearing serial number NJV1333, a Palmetto Arms 6.8mm semi-automatic rifle bearing serial number SCNL609216, and a KE Arms Model KE9, 9mm semi-automatic pistol bearing serial number KNO3840. (Based on this information, these firearms were not manufactured in the State of Texas or the State of Oklahoma and therefore have traveled in interstate or foreign commerce.)

14. During a post *Miranda* interview with ATF SA Stephen Brenneman, ROSS advised that he manufactured the devices in his apartment in Muskogee, Oklahoma. Furthermore, he stated the devices were made with the intent to hurt people. He said his apartment was located at Club Estates apartment #12 in Muskogee, Oklahoma.

15. I contacted Muskogee Police Detective Shawn Brown who spoke with the manager of Country Club Apartments who advised Tino ROSS lived at 3645 Club Estates Drive #12, Muskogee, Oklahoma. This location is within the Eastern District of Oklahoma.

16. I caused a query to be conducted in NCIC regarding ROSS and learned that in 2014, ROSS was arrested and convicted of the crime of Assault causing Bodily Injury to a Family

Member. (Agents are currently attempting to acquire the conviction documents pertaining to the Assault and Family Violence arrest.) Furthermore, I learned that Tino ROSS attempted to purchase a firearm at Gunworld Inc in Del City, Oklahoma on October 28, 2024. ROSS was denied the purchase due to the fact that he was an adjudicated mental defective on 8/25/2016 which was submitted to NICS Index on that date. (Agents are currently attempting to acquire relevant documentation).

17. I spoke with ATF Senior Explosives Officer Gary Smith who examined the three (3) devices and it is his opinion that all three (3) items would be properly identified as improvised explosive bombs pending final examination. Explosive bombs are destructive devices as that term ins defined in 26 U.S.C. § 5845(f) and would be regulated in accordance with the federal firearms regulations and would be required to be registered in the National Firearms Registration and Transfer Record (NFRTR).

18. I caused a query to be conducted of the NFRTR, as it pertains to ROSS. ROSS has no items registered to him as would be required by law.

19. On November 26, 2024, agents went to **3645 Club Estates Drive #12, Muskogee, OK 74403.** Agents observed a tan Chevrolet Tahoe bearing Texas license plate JKT-1324 parked in front of the residence. Agents spoke with an unnamed neighbor who advised that this vehicle belonged to Tino ROSS, whom they also know to drive a white Cargo Van. (It should be noted that the JKT-1324 is registered to Yolanda Thompson out of Fort Worth, Texas.)

20. Furthermore, your affiant knows through training and experience that persons unlawfully manufacturing explosives commonly maintain and conceal in their residences or on their persons, their explosives and components used to manufacture explosives as well as documents such as receipts, proceeds and records evidencing the purchase and sale of those items.

Furthermore, your affiant knows through training and experience that persons unlawfully manufacturing explosives will seek to conceal their activities by constructing such devices in places only accessible by them, such as vehicles, locked outbuildings upon their property, or other clandestine locations such as rural cabins or other areas. These items are further described in Attachment B. Based upon the information revealed during this investigation there is probable cause to believe evidence of the above-mentioned violations, described further in Attachment B, will also be found stored at the residence of **3645 Club Estates Drive #12, Muskogee, Oklahoma 74403**, as described in Attachment A, that are the fruits, evidence, and instrumentalities of violations of Title 26 U.S.C. § 5861(d), 5845(f), 18 U.S.C. § 922(g)(4) and 18 U.S.C. § 922(g)(9).

## CONCLUSION

21. Based on the information above, I submit there is probable cause to believe that there is evidence of violations of Title 26 U.S.C. §§ 5861(d), 5845(f), 18 U.S.C. § 922(g)(4) and 18 U.S.C. § 922(g)(9) at the residence of ROSS located at **3645 Club Estates Drive #12, Muskogee, OK** within the Eastern District of Oklahoma, described in Attachment A.

22. I request to be allowed to share this affidavit and the information obtained from this search, including copies of digital media, with any government agency, to include state and local agencies investigating or aiding in the investigation of this case or related matters, and to disclose those materials as necessary to comply with discovery and disclosure obligations in any prosecutions from this matter.

Respectfully submitted,

Ashley N. Stephens, Resident Agent in Charge
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to on November  26th , 2024.

_____
D. EDWARD SNOW
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### DESCRIPTION OF PLACE TO BE SEARCHED

The premises to be searched is located at **3645 Club Estates Drive #12, Muskogee, Oklahoma 74403** and is described as follows:

A single-family apartment located at **3645 Club Estates Drive #12, Muskogee, Oklahoma 74403,** within the Eastern District of Oklahoma. The residence is an apartment with the number 12 to the right of the door.

Pictures of the residence are listed below.



## ATTACHMENT B

### Particular Things to be Seized

## ATTACHMENT B

### DESCRIPTION OF ITEMS TO BE SEIZED

All evidence of violations of Title 26 United States Code Sections 5861(d) and 5845(f); 18, United States Code, Sections 922(g)(4) and 922(g)(9), including but not limited to, the following:

A. Explosive materials.

B. Completed explosive devices and incomplete explosive devices (i.e., their components parts), to include remnants of previously functioning devices.

C. Components of illegal explosive devices to include fuses, containers, adhesive materials, chemicals, and other materials used to manufacture illegal explosive devices.

D. Documentation related to the purchase, ownership, use, construction, or sale of illegal explosive devices including but not limited to sales slips, receipts, manuals, ledgers, bank statements, financial account statements, tax records and other financial documents found in hard copy or digitally stored on computer hardware or software and other digital recording devices such as cameras, cell phones or video recorders/tapes/CDs.

E. Tools used to construct explosive devices including but not limited to cutting devices, pliers, vices, punches, jigs, dyes, glues or other adhesives, glue guns, mixing bowls, glassware or other containers, spoons, funnels, and strainers or other mixing implements.

F. Any and all unmixed chemical powders, substances or liquid chemicals that, when combined can, or can be intended to produce an explosive material.

G. All items indicating ownership or residency of the premises.

H. Any and all firearms or ammunition